

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

**FILED**
**OCT 2 - 2014**
Clerk, U.S. District and
Bankruptcy Courts

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 15, 2014

BY ELECTRONIC MAIL

Tim Johnson, Esq.
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77056

14cr 192 (BAH)

Re:  Plea Offer to Robbins & Myers Belgium, S.A.

Dear Mr. Johnson:

This letter sets forth the full and complete plea offer to RMB, Robins & Myers Belgium, S.A. ("RMB") from the United States Attorney for the District of Columbia ("USAO-DC") and the Counterespionage Section ("CES") of the National Security Division at the Department of Justice (collectively "the Government"). If RMB accepts the terms and conditions of this offer, both an authorized representative of RMB and you should execute this document in the spaces provided below and return the original document to me. Please include a notarized copy of the resolution of the Board of Directors of RMB which states that RMB has authorized this Plea Agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the plea agreement ("Plea Agreement"). The signed Plea Agreement must be filed with the United States District Court for the District of Columbia on or before June 20, 2014, or the entire Plea Agreement will become null and void.

The terms of the Government's plea offer are as follows:

**1.   Charges**

RMB agrees to waive indictment and enter a plea of guilty to a four-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information is attached. The Information charges RMB with four substantive violations of the International Emergency Economic Powers Act ("IEEPA") in violation of 50 U.S.C. §§ 1705(a) and 15 C.F.R. § 746.9(a).

RMB agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information, accept the attached Factual Proffer as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

### 2. Potential Penalties, Restitution and Assessments

RMB, as a corporate violator, understands that, pursuant to 18 U.S.C. § 3571(c)(3), the maximum penalty could be (a) a criminal fine of $500,000 for each of these charges; (b) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (c) twice the gross amount of any pecuniary loss sustained by any victims of the offense. See 18 U.S.C. § 3571. RMB may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. In addition, the Court will order RMB to pay a mandatory special assessment of $400 per count (for a total of $1600) to the Clerk of the United States District Court, such assessment payable prior to sentencing. See 18 U.S.C. § 3013.

### 3. Sentencing Guidelines Stipulations

The parties agree that RMB's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). That is because, although the offense conduct to which RMB is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under § 8C2.1 which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

### 4. Additional Charges

In consideration and as an express condition of this corporate plea agreement, no additional criminal charges shall be filed against RMB, its subsidiaries, or successors-in-interest by the Government with regard to any conduct described in the accompanying written factual proffer. This Plea Agreement solely concerns the parties to this agreement and no other individuals, companies, or agencies. This Plea Agreement provides no immunity or protection, in any manner, for individuals from any future criminal investigation or prosecution.

### 5. Plea Pursuant to Rule 11(c)(1)(C)

RMB and the Government agree that a criminal fine of $1,000,000 ($250,000 for each count) and corporate probation of five years is the appropriate sentence for the charges to which RMB is pleading guilty. The parties agree that $1,000,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia."

RMB agrees that no portion of the $1,000,000 that RMB has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return. RMB further agrees to the entry of a monetary judgment of $31,716.36 against it which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of its violations of 50 U.S. C. § 1705. Any amounts paid pursuant to this paragraph shall be credited against any criminal fine or criminal forfeiture resulting from any future prosecution instituted pursuant to paragraph 9 below.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, RMB and the Government further agree that the following conditions of corporate probation are appropriate in this case and RMB agrees to abide by them:

(a) RMB shall pay the sums of $1,000,000 and $31,716.36, and $1600 set forth in this Plea Agreement.

(b) RMBshall not commit any federal, state, or local crimes during the term of probation.

(c) RMB shall implement and maintain effective corporate export compliance policies, controls or procedures that fully comports with the criteria set forth in U.S.S.G. § 8B2.1 including, at a minimum:

    (i) Ensuring that a specific employee of RMB remains assigned with overall responsibility for implementation of Robbins & Myers (U.S.) export compliance policies, controls and procedures at RMB and ensuring that said employee reports directly to the Robbins & Myers (U.S.) Chief Compliance Officer or his or her designee no less frequently than on a semi-annual basis on the implementation and effectiveness of the export compliance program at RMB.

    (ii) Requiring all directors, officers, and employees of RMB to report to Robbins & Myers (US) any potential violations of any U.S. export control laws or regulations, of RMB's export compliance policies, controls, or procedures, or of RMB's ethics policy related to such export compliance policies, controls, or procedures, to the extent such potential violations involve Robbins & Myers (US) or its subsidiaries, including RMB, and where legally permissible.

    (iii) Directing, to the extent that their respective business relationships with RMB can reasonably be expected to implicate export control issues, and as appropriate for their respective jobs or business functions, agents, consultants, representatives, distributors, joint venture partners, and general partnerships of RMB (i.e. those involved with exports from the U.S.), to report to Robbins & Myers (US) any potential violations of any U.S. export control laws or regulations, to the extent such potential

        violations involve items or employees of Robbins & Myers (US) or its subsidiaries, including RMB, and where legally permissible.

(iv) Implementing an effective system for internal reporting of suspected or actual violations of any U.S. export control laws or regulations, or of the RMB export compliance policies, controls or procedures, including, to the extent and where legally permissible, a confidential, anonymous "hotline" and e-mail address, of which RMB's directors, officers, employees, agents and general partners are informed and can use to notify RMB of any suspected or actual violations of any U.S. export control laws or regulations or of the RMB export compliance policies, controls or procedures.

(v) Mandatory annual corporate ethics and export control training of all RMB's directors, officers and, where appropriate for job function (e.g. sales and accounting), employees, agents and general partners (i.e. those involved with export from the U.S.). Such training shall cover, at a minimum, (A) all relevant U.S. export control laws and regulations; (B) the RMB internal export policies, controls and procedures; (C) the RMB internal accounting and record keeping policies as they relate to the maintenance of fair and accurate books and records concerning exports; and (D) the obligations assumed by, and responses expected of, RMB's directors, officers, agents, employees and general partners upon learning of any potential violations of any U.S. export control laws or regulations or of the RMB export compliance policies, controls or procedures. RMB shall commence providing this training within ninety (90) calendar days after the execution of this Plea Agreement.

(vi) An effective written system of discipline for RMB's directors, officers, employees, agents and general partners who are found to have violated any U.S. export controls laws and regulations, or the Robbins & Myers (U.S.) export compliance policies, controls or procedures.

(vii) Prompt written notification by RMB to the Government and the Department of Commerce's Bureau of industry and Security ("BIS") of any suspected or actual violations of any U.S. export control laws of its officers or directors. In addition, RMB shall promptly notify the Government and BIS in writing of any credible evidence of suspected or actual violations of any U.S. export control laws or regulations or of the RMB export compliance policies, controls or procedures by RMB or its officers, directors, employees, agents or general partners. At the request of the Government, RMB shall provide the Government and BIS with all relevant non-privileged documents and information concerning such allegations, including but not limited to internal audit reports, "whistleblower" complaints, civil complaints, and documents produced in civil litigation. In addition, RMB shall report to the Government and BIS

4

its planned investigative measures and any resulting remedial measures, internal and external, as a result of any suspected or actual violations of any U.S. export control laws or regulations or of the RMB export compliance policies, controls or procedures.

Any extension of the Agreement Term extends all terms of this Agreement, including the reporting requirements described above. Conversely, in the event the Government finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the need for the reporting requirements, and that the other provisions of this Agreement have been satisfied, the reporting requirements may be terminated early.

The Government also agrees, pursuant to Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure, to present this Plea Agreement between the parties to the Court for its approval. If the Court accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11 (c)( 4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. RMB understands that, if this happens, the Court, in accordance with the requirements of Rule 11 (c)( 5), will inform the parties of its rejection of the Plea Agreement and will afford RMB an opportunity to withdraw the plea, or if RMB persists in the guilty plea will inform RMB that a final disposition may be less favorable to RMB than that contemplated by this Plea Agreement. RMB further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from the Plea Agreement and to be freed from all obligations under the Plea Agreement, and may, in its sole discretion, bring different or additional charges against RMB.

Further, if the Court rejects the Plea Agreement, and RMB withdraws its guilty plea under Rule 11(c)( 5) and (d), this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Rule 11 regarding the guilty plea or this Plea Agreement, or made in the course of plea discussions with the Government, shall not be admissible against RMB in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence 410. In addition, RMB agrees that if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in this Plea Agreement will be tolled for a period of ninety (90) days from the date of RMB's withdrawal of its guilty plea.

6. **Forfeiture Matters**

As part of this Plea Agreement with the Government, RMB agrees to the forfeiture of the sum of $31,716.36 through the entry of a money judgment against RMB in favor of the United States in this amount, such amount representing a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of its violations of 50 U.S.C. § 1705. To accomplish this, RMB consents to the Government including a forfeiture allegation for this money judgment in the Information to which RMB has agreed to plead guilty.

RMB consents to entry of the attached order of forfeiture. RMB also waives the requirements of Federal Rules of Criminal Procedure 11 (b )(1 )(J), 32.2, and 43( a) on notice of the forfeiture in the charging instrument, notice of forfeiture as part of the sentence,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. RMB agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, on double jeopardy grounds, or that it was imposed in violation of the provisions of the Federal Rules of Criminal Procedure.

### 7. Reservation of Allocution

RMB understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or RMB withdraws its guilty plea. In such an event, the Government reserves its right to recommend a fine up to the maximum fine allowable by law. The Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of RMB's misconduct, including misconduct not described in the charges to which RMB is pleading guilty. Both parties reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

### 8. Waiver of Rights

RMB understands that by pleading guilty in this case, RMB agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury, the right to plead not guilty and the right to a jury trial. At a jury trial, RMB would have the right to be represented by counsel, to confront and cross-examine witnesses against RMB, to be protected from compelled self-incrimination, to compel witnesses to appear to testify and present other evidence on RMB's behalf, and to choose whether to testify. If RMB chose not to testify at a jury trial, RMB would have the right to have the jury instructed that RMB's failure to testify could not be held against RMB. RMB would further have the right to have the jury instructed that RMB is presumed innocent until proven guilty, and that the burden would be on the United States to prove RMB's guilt beyond a reasonable doubt. If RMB were found guilty after a trial, RMB would have the right to appeal the conviction. RMB understands that, by pleading guilty, RMB is waiving each of these rights.

RMB also knowingly waives all challenges to venue or jurisdiction in the District of Columbia only for purposes of this Plea Agreement and entry of the guilty plea and sentence contemplated by this Plea Agreement.

### 9. Breach of Agreement

RMB understands and agrees that, if RMB fails specifically to perform or to fulfill each and every one of RMB's obligations under this Plea Agreement, or commits any further crimes, RMB will have breached this Plea Agreement. In the event of such a breach, (a) the Government will be free from its obligations under the Plea Agreement; (b) RMB will not have the right to withdraw its guilty plea; (c) RMB shall be fully subject to criminal prosecution for any other crimes that RMB has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against RMB, directly and indirectly, in any criminal or civil proceeding all statements made by RMB and any of the information or materials

provided by RMB, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including RMB's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, except for certain "off the record" statements made by counsel for RMB pursuant to an agreement dated November 5, 2010.

RMB acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. RMB knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, RMB understands and agrees that any statements that are made in the course of RMB's guilty plea or in connection with RMB's cooperation pursuant to this Plea Agreement will be admissible against RMB for any purpose in any criminal or civil proceeding if RMB breaches this Plea Agreement or RMB's guilty plea is subsequently withdrawn.

If RMB breaches this Plea Agreement, any prosecution of RMB not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against RMB in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. RMB knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecution commenced pursuant to the provisions of this paragraph.

RMB understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. RMB further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by a preponderance of the evidence in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit RMB to commit perjury, to make false statements or declarations, to obstruct justice, or to protect RMB from prosecution for any crimes not included within this Plea Agreement or committed by RMB after the execution of this Plea Agreement. RMB understands and agrees that the Government reserves the right to prosecute it for any such offenses. RMB further understands that any perjury, false statements, or declarations, or obstruction of justice relating to RMB's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, RMB will not be allowed to withdraw its guilty plea.

### 10.  Appeal Waiver

It is agreed that (a) RMB will not file an appeal of any sentence imposed pursuant to this Plea Agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the Government will not appeal any sentence imposed pursuant to this Plea Agreement.

11. **Prosecution by other Agencies or Jurisdictions**

This Plea Agreement binds only the USAO-DC and CES. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute RMB for any offense(s) committed within their respective jurisdictions. The USAO-DC and CES agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Plea Agreement and the cooperation, if any, provided by RMB.

12. **Application of Agreement**

This agreement will be binding upon RMB or any successor by merger or purchaser of RMB.

13. **No Other Agreements**

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by RMB, RMB's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If RMB agrees to the conditions set forth in this letter, both RMB and you should sign the original in the spaces provided below and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

This Plea Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimile or electronically submitted signatures are acceptable, binding signatures for purposes of this Plea Agreement.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney

JOHN W. BORCHERT
Special Assistant United States Attorney
National Security Section
555 Fourth Street, NW, 11th Floor
Washington, D.C. 20530
john.borchert@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of Robbins & Myers Belgium, S.A., in this matter. I have read this Plea Agreement and have discussed it with the corporation's attorney, Tim Johnson. I am fully satisfied with the legal services provided by Mr. Johnson. I understand this Plea Agreement and voluntarily agree to it. No threats have been made to me or Robbins & Myers Belgium, S.A., nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No promises, agreements, understandings, or conditions have been made or entered into except those set forth in this Plea Agreement.

By: _____     Date: 9/15/14
Craig L. Weinstock
Vice President and Chief Compliance Officer
National Oilwell Varco, Inc.

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: _____ 9.15.14
Tim Johnson
Attorney for Robbins & Myers Belgium, S.A.